**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re:<br><br>**BICOM NY, LLC, *et al.*** [1]<br><br><div align="center">Debtors.</div> | Chapter 11<br><br>Case No. 17-11906 (MEW)<br><br>(Jointly Administered) |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING
SECOND REVISED SECOND AMENDED JOINT PLAN OF LIQUIDATION OF
THE DEBTORS AND DEBTORS-IN-POSSESSION AND THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS**

**WHEREAS**, on January 14, 2019, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") entered an order [Docket No. 603] (the "**Disclosure Statement Order**"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") to solicit acceptances for the *Revised Second Amended Joint Plan of Liquidation of the Debtors and Debtors-In-Possession and The Official Committee of Unsecured Creditors* [Docket No. 606] (together with the *Second Revised Second Amended Joint Plan of Liquidation of the Debtors and Debtors-In-Possession and The Official Committee of Unsecured Creditors* [Docket No. 657], all addenda, exhibits, schedules or other attachments, and including alterations, amendments, modifications or supplements, including modifications made in the form attached to this Order as **Exhibit A**, the "**Plan**")[2]; and (b) approving, among other things, (i) the *Disclosure Statement to Revised Second Amended Joint Plan of Liquidation of the Debtors and Debtors-In-Possession and The Official Committee of Unsecured Creditors* [Docket No. 605] (as amended, supplemented or

---

[1]  The last four digits of each Debtor's taxpayer identification number are: BICOM NY, LLC (9990); ISCOM NY, LLC (1589); and Bay Ridge Automotive Company, LLC (0694).

[2]  Capitalized terms not otherwise defined herein have the meanings set forth in the Plan and the Disclosure Statement Order.

modified and including all attachments and exhibits, the "**Disclosure Statement**") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (ii) the solicitation materials and documents to be included in the solicitation packages; and (iii) the procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan;

**WHEREAS**, pursuant to the Disclosure Statement Order and Solicitation Procedures, the Court set (a) the voting deadline for the Plan at February 11, 2019, at 11:59 PM (ET) (the "**Voting Deadline**") and the deadline to file an objection to confirmation of the Plan at February 11, 2019, at 4:00 PM (ET) (the "**Plan Objection Deadline**");

**WHEREAS**, by January 17, 2019 the Plan Proponents caused the Solicitation Packages and other confirmation materials to be served pursuant to the Disclosure Statement Order as is set forth in the *Affidavit of Service of Solicitation Materials* [Docket No. 618] (the "**Solicitation Affidavit**");

**WHEREAS**, pursuant to the Disclosure Statement Order, on February 4, 2019, the Plan Proponents filed the Plan Supplement [Docket No. 623], which contained the Liquidating Trust Agreement and on May 6, 2019, the Plan Proponents filed the First Amended Plan Supplement [Docket No. 653] (collectively, the "**Plan Supplement**");

**WHEREAS**, on February 12, 2019, the Debtors filed the *Certification of Stretto Regarding Tabulation of Votes In Connection With The Disclosure Statement Relating To the Second Amended Joint Plan Of Liquidation Proposed by the Debtors and The Official Committee of Unsecured Creditors* [Docket No. 629], which was amended on May 6, 2019 at [Docket No. 655], which was further amended on May 22, 2019 at [Docket No. 664] (collectively the "**Voting Report**");

**WHEREAS**, pursuant to the Voting Report, Classes 1A, 1B, 1C, 2A, 2B, 2C, 3A and 3B have accepted the Plan and Class 3C has voted to reject the Plan;

**WHEREAS**, Classes 4A, 4B, and 4C are deemed to reject the Plan because the Holders of Equity Interests in the Debtors are neither retaining nor receiving anything on account of their Equity Interests in the Debtors pursuant to the Plan;

**WHEREAS**, on May 9, 2019, the Plan Proponents served all Holders of asserted Administrative and Priority Claims with the *Notice of Proposed Plan Amendments, Adjourned Confirmation Hearing and Opportunity for Administrative and Priority Creditors to Modify Votes or to Revoke Prior Consents* (the "**Notice**") [Docket Nos. 658 and 662];

**WHEREAS**, no Holder of an asserted Administrative or Priority Claim that had previously consented to their treatment under the Plan (either by returning a Non-Voting Consent Form, returning a Priority Non-Tax Claim Consent Form or by orally consenting to their treatment under the Plan) filed a written notice with the Bankruptcy Court revoking their consent to their treatment under the Plan or otherwise objecting to confirmation of the Plan or appeared at the Confirmation Hearing to revoke their consent to their treatment under the Plan as provided for in the Notice;

**WHEREAS**, the Confirmation Hearing was held on May 23, 2019;

**WHEREAS**, the following declarations (collectively, the "**Declarations**") were filed in support of confirmation of the Plan and were admitted into evidence at the Confirmation Hearing:

1) *Declaration of Steven Agran ("Agran") in Support of Confirmation of Revised Second Amended Plan of Liquidation of the Debtors and Debtors-In-Possession and the Official Committee of Unsecured Creditors* (the "**Agran Declaration**");

2) *Declaration of Andrew Detrick ("Detrick") in Support of Confirmation of Revised Second Amended Plan of Liquidation of the Debtors and Debtors-In-Possession and the Official Committee of Unsecured Creditors* (the "**Detrick Declaration**"); and

3) *Declaration of Steven Kupseta ("Kupseta") in Support of Confirmation of Revised Second Amended Plan of Liquidation of the Debtors and Debtors-In-Possession and the Official Committee of Unsecured Creditors (*the "**Kupseta Declaration**").

**WHEREAS**, certain non-material modifications were made to the Plan, which are reflected in the Plan as attached to this Order as **Exhibit A**.

**NOW**, **THEREFORE**, based upon the Declarations, the Voting Report, the Solicitation Affidavit, the record of Confirmation Hearing, including all the evidence proffered or adduced, and the arguments of counsel made at the Confirmation Hearing, the modifications made to the Plan attached as Exhibit A to this Order, and the entire record of the Chapter 11 Cases; and after due deliberation thereon and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT**:

## DEEMED AMENDMENTS TO THE PLAN

For the reasons set forth on the record at the Confirmation Hearing, the Plan is deemed to have been amended as follows:

1.      Article 6.4(d)(2) of the Plan is deemed to have been amended and restated in full as follows:

> The Trust Funding may be used by the Liquidation Trustee exclusively to fund (i) trust expenses, (ii) litigation costs, (iii) legal and other professional fees related to (a) the transition of the responsibilities and obligations of the Debtors and the Committee to the Liquidation Trust, including but not limited to administrative matters related thereto and the Liquidation Trustee's performance of his duties, (b) pursuing any claim objections, motions or adversary proceedings, pending on the Effective Date except that claim objections or schedule amendments relating to Non-Tax Priority Claims shall be included whether or not filed prior to the Effective Date, and (c) educating the Liquidation Trustee and/or the Liquidation Trust's contingency counsel with regard to the investigations already performed, claims that may be objected to, and records preserved, up to an amount of $40,000 in the aggregate, (iv) legal fees of contingency counsel to provide an initial evaluation of the Litigation Trust's Causes of Action or to prepare, file, serve, and prosecute the Litigation Trust's Causes of Action up to an amount of $30,000, (v) the Priority Non-Tax Claim Payment Reserve, and (vi) the Trust Portion of the Backstop Funds. The Trust Funding shall not be used to fund (i) legal fees (except as specified in the previous sentence), (ii) administrative expenses incurred by any of the Estates on or prior to the Effective Date, or (iii) distributions to trust beneficiaries. Chase's Trust Funding obligations shall be reduced by $1 for every $2 of BNF Recoveries up to a maximum reduction of $100,000. If Chase has advanced Trust Funding prior to the receipt of

4

BNF Recoveries, then Chase shall be reimbursed and/or retain the amount necessary to reduce its Trust Funding by 50%, up to $100,000. Any unused portion of the Plan Funding shall become part of the Trust Funding; provided, however, (i) the Plan Funding component shall not be subject to reduction based on the BNF Recoveries and (ii) it shall be available for any permitted use by the liquidating trust notwithstanding the restrictions otherwise applicable to Trust Funding.

2.　　The Injunction set forth in Article 11.1 of the Plan is deleted

and replaced with the following:

The Assets of the Debtors shall be used for the satisfaction of expense obligations and the payment of Claims only in the manner set forth in this Plan and shall not be available for any other purpose. All Persons and Entities who have held, hold or may hold Claims or Interests based upon any act or omission, transaction or other activity of any kind or nature related to the Debtors, the Liquidating Trust or the Chapter 11 Cases that occurred prior to the Effective Date, other than as expressly provided in this Plan or the Confirmation Order, regardless of the filing, lack of filing, allowance or disallowance of such Claims or Interests and regardless of whether such Person has voted to accept the Plan, and any successors, assigns or representatives of such Persons, shall be precluded and permanently enjoined on and after the Effective Date from interfering with the use and distribution of the Debtors' assets in the manner contemplated by the Plan.

In addition, as of the Effective Date and subject to the occurrence of the Effective Date, except as otherwise specifically provided in the Plan or the Confirmation Order, all Person and Entities who have held, hold or may hold Claims or Interests that are fully satisfied, settled, or released under the terms of this Plan (as modified by the Confirmation Order), or any Claim that is exculpated pursuant to the terms of the Plan, shall be precluded and permanently enjoined on and after the Effective Date from enforcing, pursuing, or seeking any setoff or relief with respect to such Claims, except for the receipt of the payments or Distributions that are contemplated by the Plan.

3.　　Article 4.1 of the Plan shall be deemed to have been amended and restated in full as follows:

Class 1A consists of Consenting Holders of Priority Non-Tax Claims against BICOM. On the Effective Date (or as soon as practicable thereafter), unless otherwise agreed by a Holder of a Priority Non-Tax Claim, each Holder of a Priority Non-Tax Claim shall be entitled to receive its *Pro Rata* share in Cash from the Liquidation Trust Assets, subject to the Trust Waterfall, as further provided by this Plan and the Liquidation Trust Agreement, provided that the face amount of all Administrative Expense Claims and Priority Tax Claims entitled to

5

greater priority than an Allowed Priority Claim have been paid in full or either (i) to the extent not paid in full, funds sufficient to satisfy the face amount have been placed in a segregated reserve, or (ii) the Holder of each Administrative Expense Claim and Priority Tax Claim have agreed to waive their right to a Distribution. In addition, upon the Effective Date, or as soon as practicable thereafter (or if a claim objection is filed, upon Allowance of such Claim), Holders of Non-Tax Priority Claims shall receive their *pro rata* share in Cash of the Priority Non-Tax Claim Payment Reserve.

4.      Article 4.2 of the Plan shall be deemed to have been amended and restated in full as follows:

Class 1B consists of Consenting Holders of Non-Tax Claims against ISCOM. On the Effective Date (or as soon as practicable thereafter), unless otherwise agreed by a Holder of a Priority Non-Tax Claim, each Holder of a Priority Non-Tax Claim shall be entitled to receive its *Pro Rata* share in Cash from the Liquidation Trust Assets, subject to the Trust Waterfall, as further provided by this Plan and the Liquidation Trust Agreement, provided that the face amount of all Administrative Expense Claims and Priority Tax Claims entitled to greater priority than an Allowed Priority Claim have been paid in full or either (i) to the extent not paid in full, funds sufficient to satisfy the face amount have been placed in a segregated reserve, or (ii) the Holder of each Administrative Expense Claim and Priority Tax Claim have agreed to waive their right to a Distribution. In addition, upon the Effective Date, or as soon as practicable thereafter (or if a claim objection is filed, upon Allowance of such Claim), Holders of Priority Non-Tax Claims shall receive their *pro rata* share in Cash of the Priority Non-Tax Claim Payment Reserve.

5.      Article 4.3 of the Plan shall be deemed to have been amended and restated in full as follows:

Class 1C consists of Consenting Holders of Priority Non-Tax Claims held against BRAC. On the Effective Date (or as soon as practicable thereafter), unless otherwise agreed by a Holder of a Priority Non-Tax Claim, each Holder of a Priority Non-Tax Claim shall be entitled to receive its *Pro Rata* share in Cash from the Liquidation Trust Assets, subject to the Trust Waterfall, as further provided by this Plan and the Liquidation Trust Agreement, provided that the face amount of all Administrative Expense Claims and Priority Tax Claims entitled to greater priority than an Allowed Priority Claim have been paid in full or either (i) to the extent not paid in full, funds sufficient to satisfy the face amount have been placed in a segregated reserve, or (ii) the Holder of each Administrative Expense Claim and Priority Tax Claim have agreed to waive their right to a Distribution. In addition, upon the Effective Date, or as soon as practicable thereafter (or if a claim objection is filed, upon Allowance of such Claim), Holders of Priority

Non-Tax Claims shall receive their *pro rata* share in Cash of the Priority Non-Tax Claim Payment Reserve.

6.    Article 1.B.1.38 of the Plan shall be deemed to have been amended and restated in full as follows:

**"Consenting Holder of Priority Non-Tax Claim"** means a Holder of an Allowed Priority Non-Tax Claim of a kind specified in section 1129(a)(9)(B) of the Bankruptcy Code who (a) returned a Priority Non-Tax Claim Consent Form indicating their consent to their treatment under the Plan, (b) orally consented to their treatment under the Plan as reflected in the Declarations, (c) is a Not-Directly Reached Non-Tax Priority Creditor (as that terms is defined in the Agran Declaration) and did not timely submit both a Non-Consent Declaration (as defined in the Confirmation Order) and, if applicable a Court Petition (as defined in the Confirmation Order), or (d) cashed the Initial Payment Check.

7.    Article 1.B.119 of the Plan shall have a new definition, which shall read as follows:

"**Initial Payment Check**" shall mean the check issued by the Liquidating Trust to Holders of Priority Non-Tax Claims for their *pro rata* share in Cash of the Priority Non-Tax Claim Payment Reserve.

8.    Article 1.B.1.93 of the Plan shall be deemed to have been amended and restated in full as follows:

**"Priority Non-Tax Claim Payment Reserve"** means $33,300.00 from the Trust Funding that shall be reserved and used to pay Holders of Priority Non-Tax Claims upon the Effective Date or as soon as practicable thereafter pursuant to Articles 4.1 – 4.3 of the Plan; provided, that if a Priority Non- Tax Claim is not Allowed at the time the Initial Payment Checks are mailed by the Liquidation Trust, its *pro rata* share shall be reserved until such time as the Claim is either Allowed or not Allowed.  If an Initial Payment Check is not cashed within 160 days from its issuance it shall be void and shall revert to the Liquidation Trust to be used in accordance with Article 6.4(d)(2).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.    <u>Findings of Fact and Conclusions of Law</u>.  The findings and conclusions set forth herein, together with the findings of fact and conclusions of law set forth in the record of the Confirmation Hearing, constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§157(b)(2), 1334(a)). The Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§157 and 1334. Venue is proper under 28 U.S.C. §§1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(L), and the Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

C.      Chapter 11 Petitions. On July 10, 2017 (the "**Petition Date**"), each Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors were authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

D.      The Creditors Committee. On July 31, 2017, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors in these Chapter 11 Cases (the "**Committee**") [Docket No. 89].

E.      Judicial Notice. The Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court and/or its duly-appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and the evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases, including, but not limited to, the hearing to consider the adequacy of the Disclosure Statement.

F.    <u>Burden of Proof</u>.    The Debtors have satisfied their burden of proving by a preponderance of the evidence that the Plan satisfies the requirements of sections 1129(a) and (b) of the Bankruptcy Code.

G.    <u>Transmittal and Mailing of Materials; Notice</u>. The Solicitation Packages, which were transmitted and served as set forth in the Solicitation Affidavit, have been transmitted and served in compliance with the Disclosure Statement Order, the Bankruptcy Rules, and the Local Rules. Such transmittal and service were adequate and sufficient, and no other or further notice is or shall be required.

H.    <u>Voting</u>.    Votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order.

I.    <u>Plan Supplement</u>.    The Plan Proponents filed the Plan Supplement, which included the Liquidating Trust Agreement. The Plan Supplement complies with the terms of the Plan, and the filing and notice of same is good and proper in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and all other applicable rules, laws, and regulations, and no other or further notice is or shall be required.

J.    <u>Bankruptcy Rule 3016(a)</u>. In accordance with Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtors and the Committee as the proponents of the Plan.

## COMPLIANCE WITH THE REQUIREMENTS OF <br> SECTION 1129 OF THE BANKRUPTCY CODE

K.    <u>Plan Compliance with Bankruptcy Code – 11 U.S.C. §1129(a)(1)</u>. The Plan complies with all applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

1.    <u>Proper Classification – 11 U.S.C. §§1122, 1123(a)(1)</u>.    In addition to Administrative Claims, Professional Fee Claims, DIP Claims, and Priority Tax Claims, which need

9

not be classified, the Plan designates the following Classes of Claims and Equity Interests: Classes 1A, 1B, and 1C (Priority Non-Tax Claims), Classes 2A, 2B, and 2C (Chase Residual Claim), Classes 3A, 3B, and 3C (General Unsecured Claims), and Classes 4A, 4B, and 4C (Equity Interests). The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such classification does not unfairly discriminate between holders of Claims and Equity Interests. Accordingly, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

2.      No Discrimination – 11 U.S.C. §1123(a)(4). The Plan provides for the same treatment of each Claim or Interest in each respective Class or subclass unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of its Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

3.      Implementation of Plan – 11 U.S.C. §1123(a)(5). The Plan and the various documents and agreements referred to therein or set forth in the Plan Supplement and the exhibits to the Plan provide adequate and proper means for the Plan's implementation (thereby satisfying section 1123(a)(5) of the Bankruptcy Code), including, without limitation, (a) the establishment of the Liquidating Trust to liquidate and distribute the Liquidating Trust Assets; (b) the procedures governing the allowance of Claims and Distributions; and (c) the dissolution of the Debtors.

4.      Nonvoting Equity Securities – 11 U.S.C. §1123(a)(6). Because the Debtors will be deemed dissolved upon the Effective Date of the Plan pursuant to the Plan, they will not be issuing securities. Therefore, the requirement under section 1123(a)(6) of the Bankruptcy Code that the Debtors' organizational documents prohibit the issuance of non-voting equity securities is inapplicable to the Debtors' Plan and the Chapter 11 Cases.

5.        Selection of Officers, Directors, or Trustees – 11 U.S.C. §1123(a)(7).    The
Plan provides for the dissolution of the Debtors upon the Effective Date, according to the provisions
of the Plan. The Liquidating Trust Agreement contained in the Plan Supplement provides for Craig
Jalbert to be appointed as the Liquidating Trustee to administer the Liquidating Trust in accordance
with the Liquidating Trust Agreement.  The Plan contains only those provisions that are consistent
with the interests of Creditors and Equity Interest holders, thereby satisfying section 1123(a)(7) of
the Bankruptcy Code.

6.        Compliance With Discretionary Provisions – 11 U.S.C. §1123(b).  The Plan
provides for the: (a) impairment of certain Claims; (b) rejection of assumption and assignment of
executory contracts and unexpired leases; (c) retention of Causes of Action, except those expressly
released under the Plan; and (d) injunction and/or exculpation of certain parties, as set forth in the
Plan. The provisions of the Plan are appropriate and not inconsistent with the applicable provisions
of the Bankruptcy Code, thereby satisfying section 1123(b) of the Bankruptcy Code.  The failure to
specifically address a provision of the Bankruptcy Code in this Confirmation Order shall not diminish
or impair the effectiveness of this Confirmation Order.

a.        Assumption and Rejection of Executory Contracts and Unexpired
Leases – 11 U.S.C. §1123(b)(2).  Consistent with section 1123(b)(2) of the Bankruptcy Code,
Article 8 of the Plan provides that each of the Debtors' executory contracts and unexpired leases, to
the extent they have not been previously assumed or rejected, or have not been assumed or assigned,
pursuant to section 365 of the Bankruptcy Code by prior order of the Bankruptcy Court, shall be
deemed rejected by the Debtor pursuant to the provisions of section 365 of the Bankruptcy Code, as
of the Effective Date of the Plan.  No party to an executory contract or unexpired lease to be rejected
by the Debtors pursuant to the Plan has objected to such rejection.

b.      Rejection Damages. Claims arising from the rejection of Executory Contracts or Unexpired Leases, pursuant to the Plan or the Confirmation Order, if any, must be Filed with the Bankruptcy Court within 30 days after the later of (a) the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such rejection, (b) the effective date of such rejection or (c) the Effective Date. Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not Filed with the Bankruptcy Court within such time will be automatically disallowed and forever barred from assertion, and shall not be enforceable against the Debtors or the Liquidating Trust, the Estates, or the foregoing parties' property, and any Claim arising out of the rejection of the Executory Contract or Unexpired Lease shall be deemed fully satisfied and released.

c.      Modification of Rights – 11 U.S.C. §1123(b)(5). In accordance and in compliance with section 1123(b)(5) of the Bankruptcy Code, the Plan properly modifies the rights of holders of Claims in 1A, 1B, and 1C (Priority Non-Tax Claims), Classes 2A, 2B, and 2C (Chase Residual Claim), Classes 3A, 3B, and 3C  (General Unsecured Claims), and Classes 4A, 4B, and 4C (Equity Interests).

L.      Plan Proponents' Compliance with Bankruptcy Code – 11 U.S.C. §1129(a)(2).  The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. Specifically, the Debtors (i) are proper debtors under section 109 of the Bankruptcy Code, (ii) have complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of this Court, and (iii) have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the local rules, and the Disclosure Statement Order in transmitting the Disclosure Statement, the Plan, the Ballots, and related documents and notices and in soliciting and tabulating votes on the Plan.

M.      Plan Proposed in Good Faith – 11 U.S.C. §1129(a)(3).  The Debtors and Committee have proposed the Plan (and all other agreements, documents, and instruments necessary to effectuate the Plan) in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  The Debtors' and Committee's good faith is evident from the facts and record of these Chapter 11 Cases, the Disclosure Statement and the hearings thereon, and the record of the Confirmation Hearing and other proceedings held in these Chapter 11 Cases. Further, the Plan's classification, exculpation and injunction provisions, including, without limitation, Article 11 of the Plan, have been negotiated in good faith and at arms' length, consistent with sections 105, 1123(b)(6), 1129, and 1142 of the Bankruptcy Code.

N.      Payments for Services or Costs and Expenses – 11 U.S.C. §1129(a)(4).  Payments made or to be made by any of the Debtors for services or for Professional Fee Claims has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.  The Plan Supplement includes disclosure of the terms of the compensation of the Liquidating Trustee that has been agreed upon by the Debtors and the Committee, thereby further satisfying section 1129(a)(4) of the Bankruptcy Code.

O.      Directors, Officers and Insiders – 11 U.S.C.  §1129(a)(5).  In accordance with section 1129(a)(5)(A) of the Bankruptcy Code, the Debtors have disclosed the identity of Craig Jalbert as the Liquidating Trustee.  To the extent the Liquidating Trustee would fall within the ambit of section 1129(a)(5), the Plan satisfies the requirements of such section as the Liquidating Trustee has been identified under the Plan (through disclosure in the Plan Supplement). This appointment is consistent with the interests of creditors and equity security holders and with public policy.

P.      No Rate Changes – 11 U.S.C. §1129(a)(6).  Section 1129(a)(6) of the Bankruptcy Code is inapplicable because the Debtors are winding down their affairs and not charging rates that are the subject of any regulatory commission with jurisdiction.

Q.      Best Interests of Creditors – 11 U.S.C. §1129(a)(7). The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The Disclosure Statement, the Plan Supplement, the Agran Proffer, the Voting Report and the other evidence proffered or adduced at the Confirmation Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence, and (iii) establish that each Holder of an Impaired Claim or Equity Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

R.      Acceptance by Certain Classes – 11 U.S.C. §1129(a)(8).   Classes 1A, 1B, and 1C (Priority Non-Tax Claims), Classes 2A, 2B, and 2C (Chase Residual Claims) and Classes 3A and 3B (BICOM and ISCOM General Unsecured Claims) have voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code.  Class 3C (BRAC General Unsecured Claims) is impaired and voted to reject the Plan in section 1126(c) of the Bankruptcy Code.  Classes 4A, 4B, and 4C (Equity Interests) are impaired or otherwise not entitled to receive or retain any property under the Plan and, therefore, are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.

S.      Treatment of Administrative Expenses, Priority Tax Claims and Other Priority Claims – 11 U.S.C. §1129(a)(9).  The treatment of Administrative Claims, Professional Fee Claims, DIP Claims, Priority Tax Claims, pursuant to Article 2 of the Plan and Priority Non-Tax Claims pursuant to Article 4 of the Plan (as amended by this Order), satisfies the requirements of sections 1129(a)(9)(A), (B), and (C). The Holders of the Claims identified in the (a) Voting Report and (b) the Declarations (except for those defined as Not Directly Reached Non-Tax Priority Creditors) have affirmatively agreed to their treatment pursuant to the terms of the Plan.  Not Directly Reached Non-Tax Priority Creditors shall have through September 15, 2019 (the "**Sunset Date**") to notify the

14

Liquidating Trustee of their non-consent to their treatment under the Plan.  Such notice shall be in writing and shall be sent to Alan Gamza and Jessica K. Bonteque at Moses & Singer LLP, counsel for the Liquidation Trustee, at 405 Lexington Avenue, 12th Floor, New York, New York 10174-1299 or such other persons as may be indicated in a Filing by the Liquidation Trustee.  If such notice is timely given, such Not Directly Reached Non-Tax Priority Creditor shall be required to complete, within twenty (20) days of delivery to said creditor, a declaration (the form of which will be provided by the Liquidation Trustee) stating among other things they did not submit a Priority Non-Tax Claim Consent Form, that they did not receive and cash any check for a Distribution under the Plan, including but not limited to the Initial Payment Check, and they did not indicate to Messrs. Agran, Detrick, or Kupseta that they consented to their treatment under the Plan (the "**Non-Consent Declaration**").  If the Liquidation Trustee believes that a Not Directly Reached Non-Tax Priority Creditor has despite their Non-Consent Declaration consented to their Plan treatment, the Liquidation Trustee shall notify the Not Directly Reached Non-Tax Priority Creditor in writing of the denial of their Non-Consent Declaration (the "**Denial Letter**").  Within 14 days of the mailing of a Denial Letter, a Not Directly Reached Non-Tax Priority Creditor may elect to file a request with this Court to review of the Liquidation Trustee's decision (the "**Court Petition**").  For the avoidance of doubt, Consenting Holders of Priority Non-Tax Claims pursuant to sections (a), (b) or (d) of Article 1.B.1.38 of the Plan are not eligible to use the non-consent procedures set forth above in this paragraph.  If the Liquidating Trustee or this Court finds in favor of the Not Directly Reached Non-Tax Priority Creditor, then the Not Directly Reached Non-Tax Priority Creditor's Allowed Priority Non-Tax Claim shall be treated in accordance with paragraph 30 below.

T.    <u>Acceptance by Impaired Classes – 11 U.S.C. §1129(a)(10)</u>.  Classes 2A, 2B, and 2C (Chase Residual Claims) and Classes 3A and 3B (BICOM and ISCOM General Unsecured Claims) voted to accept the Plan by the requisite majorities, determined without including any acceptance of

the Plan by any insider, thereby satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

U.    <u>Feasibility – 11 U.S.C. §1129(a)(11)</u>.    The Disclosure Statement, the Plan Supplement, the Agran Proffer, and the other evidence proffered or adduced at the Confirmation Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence, and (iii) establish that the Plan is feasible, thereby satisfying the applicable requirements of section 1129(a)(11) of the Bankruptcy Code.

V.    <u>Payment of Statutory Fees – 11 U.S.C. §1129(a)(12)</u>.    Pursuant to Section XI.D of the Plan, all fees payable under section 1930 of chapter 123 of title 28 of the United States Code will be paid for each quarter until the Chapter 11 Cases are converted, dismissed, or closed, whichever occurs first. Thus, the Plan satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

W.    <u>Inapplicable Sections – 11 U.S.C. §1129(a)(13)-(16)</u>.    Sections 1129(a)(13), (14), and (16) of the Bankruptcy Code are inapplicable to the Chapter 11 Cases.

X.    <u>Fair and Equitable; No Unfair Discrimination – 11 U.S.C. §1129(b)</u>.    Holders in Class 3C (BRAC General Unsecured Claims) are impaired and voted to reject the Plan pursuant to section 1126(c) of the Bankruptcy Code and Holders in Classes 4A, 4B, and 4C (Equity Interests) are deemed to reject the Plan. However, the Plan does not discriminate unfairly and is fair and equitable with respect to Class 3C (BRAC General Unsecured Claims) and Classes 4A, 4B, and 4C (Equity Interests) as required by sections 1129(b)(2)(B)(ii) and 1129(b)(2)(C)(ii) of the Bankruptcy Code. Thus, the Plan may be confirmed notwithstanding the failure to satisfy section 1129(a)(8) of the Bankruptcy Code.

Y.    <u>Only One Plan – 11 U.S.C. §1129(c)</u>. Because the Plan is the only chapter 11 plan filed in the Chapter 11 Cases, the Plan satisfies section 1129(c) of the Bankruptcy Code.

Z.    <u>Principal Purpose of the Plan – 11 U.S.C. §1129(d)</u>. Because the principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, the Plan satisfies section 1129(d) of the Bankruptcy Code.

AA.    <u>Small Business Case – 11 U.S.C. §1129(e)</u>.  None of these Chapter 11 Cases are a "small business case," as that term is defined in the Bankruptcy Code, <u>and</u>, accordingly, section 1129(e) of the Bankruptcy Code is inapplicable.

## COMPLIANCE WITH OTHER SECTIONS OF THE BANKRUPTCY CODE

BB.    <u>Good Faith Solicitation – 11  U.S.C. §1125(e)</u>.    Based on the record before the Court in the Chapter 11 Cases, the Plan Proponents and their directors, officers, employees, members, agents, advisors, and professionals have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Disclosure Statement Order in connection with all their respective activities relating to the solicitation of acceptances or rejections of the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in Article 11 of the Plan.

CC.    <u>Modification of the Plan – 11 U.S.C. §1127</u>.  The Plan, as modified, complies with sections 1122 and 1123 of the Bankruptcy Code, and the Plan Proponents have complied with section 1125 of the Bankruptcy Code. Thus, the Plan satisfies the requirements of section 1127 of the Bankruptcy Code.

## OTHER PROVISIONS

DD.    <u>Exculpation and Injunction</u>.  The Court has jurisdiction under sections 1334(a) and (b) of the United States Code to approve the injunctions or stays, injunction against interference with the Plan, and exculpation set forth in the Plan, including those set forth in the Article 11 of the Plan.

The exculpation and injunction provisions in Article 11 of the Plan are reasonable in scope, and are integral to the Plan, and are appropriate.

EE.    <u>Implementation</u>.  All documents necessary to implement the Plan, including those contained in the Plan Supplement, and all other relevant and necessary documents have been negotiated in good faith and at arms' length and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

FF.    <u>Conditions Precedent</u>.  Upon entry of the Confirmation Order, the funding of the Trust Funding by Chase, the execution of the Liquidation Trust, and occurrence of the Effective Date, all conditions precedent set forth in Section 6.1 of the Plan will be satisfied or be duly waived in whole or in part pursuant to Section 6.1 of the Plan.

GG.    <u>Good Faith</u>.  The Debtors, the Committee, and the Liquidating Trust and all of their respective members, officers, directors, agents, financial advisers, attorneys, employees, equity holders, partners, affiliates, and representatives will be acting in good faith if they proceed to consummate the Plan and the agreements (including the Liquidating Trust Agreement), settlements, transactions, and transfers contemplated thereby, and (ii) take the actions authorized and directed by this Confirmation Order.

HH.    <u>Satisfaction of Confirmation Requirements</u>. The Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

II.    <u>Objections</u>.  All parties have had a full and fair opportunity to litigate all issues raised, or which might have been raised, in any objection to the Plan, and any such objections have been fully and fairly litigated.

JJ.    <u>Retention of Jurisdiction</u>.  The Court may, and upon the Effective Date shall, retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases, including the matters set forth in Section 11 of the Plan and section 1142 of the Bankruptcy Code.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    <u>Confirmation</u>. The Plan annexed hereto as **<u>Exhibit A</u>** and each of its provisions, as modified pursuant to the terms of this Order or pursuant to section 1127 of the Bankruptcy Code, are hereby approved and CONFIRMED under section 1129 of the Bankruptcy Code.  The terms of the Plan, all exhibits thereto, and the Plan Supplement, each, as may be modified, are incorporated by reference into and are an integral part of the Plan and this Confirmation Order.

2.    <u>Plan Supplement</u>.  The Liquidation Trust Agreement contained in the Plan Supplement and any amendments, modifications, and supplements thereto, and all documents and agreements introduced into evidence by the Debtors at the Confirmation Hearing (including all exhibits and attachments thereto and documents referred to therein), and the execution, delivery, and performance thereof by the Debtors, are authorized and approved.

3.    <u>Objections</u>.  All objections to confirmation of the Plan that have not been withdrawn, waived, or settled, and all reservations of rights pertaining to confirmation of the Plan included therein, are overruled on the merits for the reasons stated on the record of the Confirmation Hearing.

4.    <u>Omission of Reference to Particular Plan Provisions</u>. The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety.

5.    <u>Solicitation and Notice</u>.  The Confirmation Hearing Notice complied with the terms of the Disclosure Statement Order, was appropriate and satisfactory based on the circumstances of

the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. The solicitation of votes on the Plan and the Solicitation Packages complied with the solicitation procedures in the Disclosure Statement Order, were appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and were in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. The Debtors solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including, without limitation, sections 1125(a) and (e) of the Bankruptcy Code, and any applicable nonbankruptcy law, rule or regulation governing the adequacy of disclosure in connection with such solicitation. The Debtors and each of their respective directors, officers, employees, affiliates, agents, financial advisors, investment bankers, professionals, accountants, and attorneys participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the solicitation of votes under the Plan, and therefore are not, and on account of such solicitation will not be, liable at any time for any violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of the Plan.

6.    <u>Binding Effect</u>. Pursuant to section 1141(a) of the Bankruptcy Code, except as provided in section 1141(d)(3), from and after the Confirmation Date, the Plan shall be binding upon the Debtors, all Holders of Claims against, and Equity Interests in, and any other party in interest in the Chapter 11 Cases and their respective successors and assigns, regardless of whether the Claims or Equity Interests of such Holders or obligations of any party in interest have accepted the Plan or filed a proof of claim in the Chapter 11 Cases.

7.    <u>Modifications Binding</u>.  In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Plan and the Plan Supplement, as and to the extent modified and amended by this Confirmation Order, and all of their provisions and/or Exhibits, shall be binding

on the Debtors, any entity acquiring or receiving property or a distribution under the Plan, and any Holder of a Claim against or Interest in the Debtors, including all governmental entities, whether or not the holder of such Claim or Interest is impaired under the Plan or whether or not the holder of such Claim or Interest has accepted the Plan.

8.    Plan Implementation Authorization. The Debtors or the Liquidating Trustee, as applicable, shall be authorized and empowered to execute, deliver, file or record such contracts, instruments, releases, and other agreements or documents and take such actions as are necessary to consummate the Plan. All actions contemplated by the Plan are authorized and approved in all respects (subject to the provisions of the Plan and the Confirmation Order). The Liquidating Trustee is hereby authorized to make Distributions and other payments in accordance with the Plan and the Liquidating Trust Agreement.

9.    Creation of Liquidating Trust. On the Effective Date, the Liquidating Trust shall be formed pursuant to the Plan and established and become effective in accordance with the Liquidating Trust Agreement to liquidate the Liquidating Trust Assets.

10.    Appointment of Liquidating Trustee. As of the Effective Date, Craig Jalbert shall be appointed as the Liquidating Trustee. The Liquidating Trustee shall be deemed the exclusive representative of the Estate (by and to the extent of the assignment of the Debtors' Assets and as otherwise set forth in the Plan) and shall have all powers, authority, and responsibilities specified in the Plan, including, without limitation, the powers of a trustee under sections 704 and 1106 of the Bankruptcy Code.

11.    Vesting of Assets. On the Effective Date, the Liquidation Trust Assets will vest in the Liquidating Trust free and clear of all claims, liens, encumbrances, charges and other interests. On and after the Effective Date, the transfer of the Liquidation Trust Assets from the Estates to the

Liquidating Trust will be deemed final and irrevocable and Distributions may be made from the Liquidating Trust.

12.     <u>Administration of the Liquidating Trust</u>.  The Plan will be administered by the Liquidating Trustee and all actions taken under the Plan in the name of the Debtors shall be taken through the Liquidating Trustee; <u>provided</u>, <u>however</u>, that the Liquidating Trust shall administer the Liquidating Trust Assets contemplated under the Plan pursuant to the Liquidating Trust Agreement. The Plan, the Liquidating Trust Agreement, all other agreements provided for under the Plan, and all actions, transactions, documents, instruments and agreements referred to therein, contemplated thereunder or executed and delivered in connection with, and any amendments or modifications thereto in substantial conformity therewith are hereby approved, and the Debtors and the Liquidating Trustee are authorized and directed to enter into and to perform such agreements according to their terms.

13.     <u>Term of Injunctions or Stays</u>.  Unless otherwise provided in the Plan or in this Confirmation Order, all injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay to terminate. Notwithstanding anything to the contrary in the Plan or this Confirmation Order, neither the Plan nor this Confirmation Order shall limit, impair or otherwise affect the Court's ability to enter an order lifting any stay that is in effect.

14.     <u>Exculpation and Injunction</u>.  Subject to this Confirmation Order, all  exculpation and injunction provisions set forth in the Plan (as modified by this Order), including but not limited to those contained in Article 11 of the Plan, are approved and shall be effective and binding on all persons and entities, to the extent provided therein. The permanent injunction set forth in Section

11.1 of this Plan enjoins only actions brought to enforce any rights or obligations against the Debtors and only to the extent enforcement against the Debtors is not otherwise permitted pursuant to Orders of the Court vacating the automatic stay such as the Order of this Court entered November 8, 2017, upon the motions of Nissan North America, Inc. and Nissan Motor Acceptance Corp.. To be clear, the Plan and the permanent injunction herein do not affect any actions, judgments, collections, rights or obligations any Creditor has against non-Debtors. The foregoing two sentences shall not affect the releases in Section 11.2(D) of the Plan or the exculpation contained in Section 11.3 of the Plan.

15.    <u>Injunction Against Interference with Plan</u>. Upon entry of the Confirmation Order, all holders of Claims or Equity Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

16.    <u>Rejection of Executory Contracts and Unexpired Leases</u>. To the extent not previously assumed or rejected, or not assumed or assigned, pursuant to section 365 of the Bankruptcy Code by prior order of the Bankruptcy Court, shall be deemed rejected by the Debtors pursuant to the provisions of section 365 of the Bankruptcy Code, as of the Effective Date of the Plan.

17.    <u>Dissolution of the Debtor; Deemed Termination of Employees</u>. From and after the Effective Date, the Debtors shall be dissolved and the Liquidating Trustee shall be authorized to take all action necessary to dissolve them or any of their wholly owned subsidiaries. On the Effective Date, the employment, retention, appointment and authority of all officers, directors, employees and Professionals of the Debtors and the Committee shall be deemed to terminate.

18.    <u>Payment of Administrative Claims</u>. Pursuant to and in accordance with Article 2.1(a) of the Plan, to the extent that an Allowed Administrative Claim has not already been paid in

full or otherwise satisfied during the Chapter 11 Cases, each Holder of an Allowed Administrative Claim shall receive its *pro rata* share of the Cash from the Liquidation Trust Assets, when available, pursuant to the Trust Waterfall, the Plan and the Liquidation Trust Agreement.

19.    <u>Payment of Professional Fee Claims</u>. As provided in Article 2.1(c) of the Plan, all final requests for the payment of Professional Fee Claims for services rendered and reimbursement of expenses incurred prior to the Confirmation Date must be Filed no later than 60 days after the Effective Date, unless no final request for payment of such Professional Fee Claims is required pursuant to an order of the Bankruptcy Court. Upon allowance of any such Professional Fee Claims, such Allowed Professional Fee Claim shall (unless each professional agrees otherwise in writing) be paid its pro rata share of the Cash from the Liquidation Trust Assets, when available, pursuant to the Trust Waterfall, the Plan and the Liquidation Trust Agreement.

20.    <u>Payment of Priority Tax Claims</u>. Pursuant to Article 2.2 of the Plan, each Holder of an Allowed Priority Tax Claim shall receive its pro rata share of the Cash from the Liquidation Trust Assets, when available, pursuant to the Trust Waterfall, the Plan and the Liquidation Trust Agreement.

21.    <u>Payment of Statutory Fees</u>.  On the Effective Date and thereafter as may be required, the Liquidating Trust shall pay all fees incurred pursuant to section 1930 of title 28 of the United States Code, together with interest, if any, pursuant to section 3717 of title 31 of the United States Code for each Debtor's case until such time as the particular Debtor's Chapter 11 Case is converted, dismissed, or closed, whichever occurs first.

22.    <u>Notice of Entry of Confirmation Order</u>.  On or before the fourteenth (14th) day following the date of entry of this Confirmation Order, the Debtors shall post notice of entry of this Confirmation Order (the "**Notice of Confirmation**") on the website maintained by the Voting Agent, at https://cases-cr.stretto.com/bicom (the "**Case Website**") and file the Notice of

24

Confirmation on the Docket for these Chapter 11 Cases through the Bankruptcy Court's ECF system. The notice described herein is adequate under the circumstances, and no other or further notice is necessary.

23.    Notice of Effective Date. As soon as practicable after the occurrence of the Effective Date, the Debtors shall serve causing notice of the Effective Date ("**Notice of the Effective Date**") to be posted on the Case Website on the Docket for these Chapter 11 Cases through the Bankruptcy Court's ECF system. The Notice of Effective Date shall include notice of the deadline for (a) filing proofs of claim arising out of rejection of executory contracts upon the Effective Date, if any, and (b) filing administrative expense claims. The notice described herein is adequate under the circumstances, and no other or further notice is necessary.

24.    Retention of Jurisdiction. Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, this Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the Chapter 11 Cases, the Plan, and the implementation of this Confirmation Order, including, without limitation, those matters set forth in Article 9 of the Plan.

25.    Documents and Instruments. Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan.

26.    Activities in Anticipation of the Effective Date. The Debtors and Committee are hereby authorized and empowered to take all necessary steps, and pay all related expenses, in anticipation of the Effective Date, including, without limitation, effectuating the transactions contemplated by the Plan and this Confirmation Order.

27.    Substantial Consummation. On the Effective Date, the Plan shall be deemed to be substantially consummated pursuant to sections 1101 and 1127(b) of the Bankruptcy Code.

28.    <u>Severability</u>. This Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may be amended in accordance with Article 10 of the Plan, is (a) valid and enforceable pursuant to its terms, (b) integral to the Plan and may not be deleted or amended other than in accordance with Article 10 of the Plan, and (c) non-severable and mutually dependent.

29.    <u>Nissan North America</u>. Nissan North America, Inc. ("**Nissan**") consents to the entry of this Confirmation Order without payment of its asserted Administrative Claim on the Effective Date provided, however, that Nissan and BICOM or its successor in interest, including but not limited to the Liquidation Trust, each expressly reserve their rights and claims regarding the extent, validity and priority of Nissan's Administrative Claim until such time as funds become available to pay Administrative Claims.

30.    <u>Backstop Funding</u>.  Within ten (10) business days of the Effective Date, the Debtors or the Liquidating Trustee, as applicable, shall fund into a segregated account (the "**Backstop Account**") to be maintained by the Liquidating Trustee: (a) $155,314 from the return of the insurance premiums (the "**Insurance Refund**")  as addressed in the *Stipulation and Order by and between Frenkel Benefits, LLC, the Debtors, and the Official Committee of Unsecured Creditors Regarding Return of Insurance Premium Refunds*, "So Ordered" on May 7, 2019, at [Docket No. 656] (the "**Insurance Stipulation**") and (b) $9,508.07 from the Trust Funds (the "**Trust Portion**" and collectively with the Insurance Refund the "**Backstop Funds**"), together representing the maximum amount that may be claimed with respect to Non-Tax Priority Claims asserted by the Not Directly Reached Non-Tax Priority Creditors (the "**Not Directly Reached Non-Tax Priority Creditors' Claims**"); <u>provided</u>, <u>however</u>, that the Backstop Funds shall not be required to include any funds for amounts claimed in excess of the statutory priorities established by the Bankruptcy Code.  The Backstop Funds shall be maintained by the Liquidating Trustee in the Backstop

Account until the Sunset Date; provided, however, that after the Sunset Date, the Liquidating Trustee shall continue to reserve any funds necessary to satisfy any Not Directly Reached Non-Tax Priority Creditors' Claims that are the subject of an unresolved Non-Consent Declaration or Court Petition until such matter has been resolved by agreement of the parties or by Court order; provided, however, further, that if the total aggregate amount of the Not Directly Reached Non-Tax Priority Creditors' Claims is reduced by the Liquidation Trust's successful pursuit of claim objections, or amendments to the Debtors' Schedules E of their Schedules of Assets and Liabilities then the amount of the Backstop Funds shall be reduced commensurately with the reduction of the total aggregate of the outstanding Not Directly Reached Non-Tax Priority Creditors' Claims and the Liquating Trustee shall have the right to immediately release a corresponding amount of Backstop Funds with the first monies being released from the Backstop Account going first to the repay the Trust Portion to the Liquidation Trust and thereafter used by the Liquidation Trustee consistent with Article 6.4(d)(2) of the Plan.   For the avoidance of doubt, the Backstop Funds shall also be reduced by the amount, if any, paid to a Not Directly Reached Non-Tax Priority Creditor who demonstrates their entitlement to payment in accordance with the procedures described above.

31.     Any payments from the Backstop Funds shall be first satisfied from the Insurance Refund with the Trust Portion of the Backstop Funds being the last monies used and, as noted above, the first monies released.

32.     Any monies ultimately released from the Backstop Account, consistent with the above, attributable to the Insurance Refund shall be paid by the Liquidating Trustee as follows: (a) 1/3 of such released portion shall be paid to Chase, (b) 1/3 of such released portion shall be paid to the Liquidation Trust to be used as the Liquidation Trustee determines in his sole discretion and shall not be subject to the restrictions contained in Article 6.4(d)(2) of the Plan, other than the restriction that such monies shall not be used to make a Distribution through the Trust Waterfall,

and (c) 1/3 of such released portion shall be paid on account of then-outstanding Allowed Professional Fee Claims of the Debtors' Estate's Professionals (with any such funds divided (i) 1/3 to the CRO, (ii) 1/3 to Debtors' Counsel, and (iii) 1/3 to the Committee's Counsel). For the avoidance of doubt, any remaining Backstop Funds shall first be paid to the Liquidation Trust until the Trust Portion is repaid in full.

33.    <u>Insurance Stipulation</u>.    In the event any refunds are received related to the polices identified in the Insurance Stipulation (other than the Insurance Refund) (an "**Additional Insurance Refund**") such Additional Insurance Refunds may be used as the Liquidation Trustee determines in his sole discretion and shall not be subject to the restrictions contained in Article 6.4(d)(2) of the Plan, other than the restriction that such monies shall not be used to make a Distribution through the Trust Waterfall.

34.    <u>Claim Objections</u>.    As provided, in section 7.6 of the Plan, the Liquidation Trustee shall have the right to make and File claim objections or amend the Debtors' Schedules, including Schedule E, at any time prior to the final distribution, in each case including but not limited with respect to Not Directly Reached Non-Tax Priority Creditors.

35.    <u>Trust Funding</u>. On or before the Effective Date, Chase shall deposit the Trust Funding into Moses & Singer, LLP's, counsel to the Committee, escrow account in accordance with instructions to be provided by such counsel. Moses & Singer, LLP shall hold the Trust Funding until the Effective Date has occurred and the Liquidating Trust has established a bank account (the "**Liquidating Trust Account**") and will promptly upon receipt of wire instructions from the Liquidating Trustee thereafter transfer the Trust Funding to the Liquidating Trust Account. To the extent the Effective Date does not occur, Moses & Singer, LLP shall return the Trust Funding to Chase in accordance with written instructions to be provided by Chase.

36.     <u>Conflicts Between Confirmation Order and the Plan</u>.   To the extent of any

inconsistency between the provisions of the Plan and this Confirmation Order, the terms and

provisions contained in this Confirmation Order shall govern.  The provisions of this Confirmation

Order are integrated with each other and are nonseverable and mutually dependent unless expressly

stated by further order of this Court.

37.     <u>Immediate Binding Effect</u>.   Pursuant to section 1141 and the other applicable

provisions of the Bankruptcy Code, on or after entry of this Confirmation Order and subject to the

occurrence of the Effective Date, the terms of the Plan (including the exhibits thereto and all

documents and agreements executed pursuant thereto or in connection therewith), the Plan

Supplement, and this Confirmation Order shall be immediately effective and enforceable and shall

bind the Debtors, the Exculpated Parties, all Holders of Claims and Equity Interests (irrespective

of whether such Claims or Equity Interests are impaired under the Plan or whether the Holders of

such Claims or Equity Interests accepted or are deemed to have accepted the Plan), any other

person giving, acquiring, or receiving property under the Plan, any and all non-Debtor parties to

executory contracts and unexpired leases with any of the Debtors, any other party in interest in the

Chapter 11 Cases, and the respective heirs, executors, administrators, successors, or assigns, if any,

of any of the foregoing. On the Effective Date, all settlements, compromises, waivers, discharges,

exculpations, and injunctions set forth in the Plan shall be effective and binding on Persons who

may have had standing to assert any settled, compromised, released, waived, discharged,

exculpated, or enjoined Causes of Action after the Effective Date.

38.     <u>Stay of Confirmation</u>.   The requirements under Bankruptcy Rule 3020(e) that an

order confirming a plan is stayed until the expiration of 14 days after entry of the order are hereby

waived.  This Confirmation Order shall take effect immediately and shall not be stayed pursuant

to Bankruptcy Rules 3020(e), 6004(g), 6006(d), or 7062.

39.     <u>Modifications and Amendments</u>.    The Plan may be amended, modified, or supplemented by the Debtors in accordance with Article 10 of the Plan.

40.     <u>Final Order</u>.   This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

Dated:  May 24, 2019
        New York, NY

/s/ **Michael E. Wiles**
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT A</u>**